HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAJLAA MOHAMAD, an individual, and
NABIL MOHAMAD, an individual,

                  Plaintiffs,

   v.

HOMEGOODS, INC., a foreign
corporation,

                  Defendant.

No. 2:20-cv-00988-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on two motions: (1) Defendant HomeGoods, Inc.'s ("Defendant" or "HomeGoods") Motion for Summary Judgment, Dkt. # 28, and (2) Plaintiffs' Motion to Supplement Summary Judgment Response Under Rule 56 and Motion for Supplemental Discovery, Dkt. # 44. Having reviewed the parties' briefing, the remaining record, and relevant law, the Court **DENIES** Defendant's Motion for Summary Judgment. Dkt. # 28. The Court also **DENIES in part** and **GRANTS in part** Plaintiffs' Motion. Dkt. # 44.

ORDER – 1

## II.    BACKGROUND

Shortly after 4:00 P.M. on June 13, 2017, Plaintiff Najlaa Mohamad entered a store owned and operated by HomeGoods.  Dkt. # 1-1 ¶ 2.1.  Mrs. Mohamad testified that she entered the container aisle and observed "two chairs behind [her]."  *Id.*  As she entered the aisle, "something heavy hit [her] back."  Dkt. # 29-1 at 2.  Mrs. Mohamad turned around and saw a chair on the floor.  *Id.*  She looked for a cashier, but they appeared busy, and no one assisted her.  *Id.*  She continued shopping and then drove herself home because she did not feel well.  *Id.* at 3.  Mrs. Mohamad testified that the pain in her left pelvis, where she was struck, as well as her leg, worsened.  *Id.*

On March 20, 2020, Plaintiffs sued Defendant in the Superior Court of Snohomish County.  Dkt. # 1-1.  Plaintiffs alleged that Defendant's negligence was the sole and proximate cause of Mrs. Mohamad's injuries, "which are believed to be permanent and disabling, pain and suffering, anxiety and emotional distress, [and] loss of income and future earning capacity," among other damages.  *Id.* at 4.  Plaintiffs also allege that Mr. Mohamad has suffered a loss of consortium as a direct and proximate result of Plaintiff's injuries, including "a loss of emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from the other spouse."  *Id.* at 5.  On June 25, 2020, Defendant removed this case to this Court based on diversity jurisdiction.  Dkt. # 1 at 2.  Defendant later filed the pending motion for summary judgment.  Dkt. # 28.

Following Plaintiffs' review of security video footage of the HomeGood's store, Mrs. Mohamad filed an affidavit stating that she had walked by four stacked chairs on her way down the aisle before she was struck.  Dkt. # 40-1 ¶ 3.  She stated that "[t]wo [chairs] had their legs on the floor, and two had their legs pointing towards the ceiling." *Id.*  She noted that "[t]he back of the chairs were rounded and there were no arms, which made them appear to be unsteady as they were stacked."  *Id.* ¶ 4.  Finally, she stated that she believed that the chairs that were stacked by a HomeGoods employee depicted in the

ORDER – 2

video footage were the same chairs that she had walked by just before she was struck by a chair. *Id.* ¶ 7 ("I do not believe anyone had moved or touched them from the end of the video to minutes later, when I was struck by the falling chair.").

After the completion of briefing on the motion for summary, Plaintiffs filed a motion to supplement their summary judgment response based on newly acquired evidence and for leave to re-depose Defendant's corporate counsel in light of the new evidence. Dkt. # 44. The Court will address both motions in turn.

### III.   LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the nonmoving party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

ORDER – 3

1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987). The court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (explaining that the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis original).

## IV.    DISCUSSION

### A.    Defendant's Motion for Summary Judgment

To establish negligence, a plaintiff must establish the following elements: "(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Johnson v. Liquor & Cannabis Bd.*, 486 P.3d 125, 130 (Wash. 2021) (internal quotations and citation omitted). With respect to premises liability, the proprietor of a business is liable for an unsafe condition if the unsafe condition is caused by the proprietor or his employees, or the proprietor has actual or constructive notice of the unsafe condition. *Pimentel v. Roundup Co.*, 666 P.2d 888, 893 (Wash. 1983). Such notice is not required, however, "when the nature of the proprietor's business and his methods of operation are such that the existence of unsafe conditions on the premises is reasonably foreseeable." *Id.*

In the Complaint, Plaintiffs argue that the chair "was negligently stacked by employees of HomeGoods who should have foreseen the potential for the furniture falling and striking customers." Dkt. # 1-1 ¶ 2.3. Alternatively, Plaintiffs claim that Defendant maintained a negligent business practice of allowing customers to stack furniture near the entrance of the store in such a way that creates a foreseeable risk to

ORDER – 4

other customers. *Id.* ¶ 2.4.  Plaintiffs argue that Defendant was negligent in (1) its faulty and unsafe design or construction of the floor area where Plaintiff's injuries occurred; (2) the faulty and unsafe lighting of the floor area; (3) its failure to properly inspect and maintain the area in question to discover the unsafe condition; (4) the maintenance of distractions that foreseeably diverted Mrs. Mohamad's attention from the unsafe condition; and (5) failure to keep its establishment safe for public use by allowing for the negligent stacking of furniture near the entrance by employees or customers. *Id.* ¶ 4.

In its motion for summary judgment, Defendant asserts that Plaintiffs have failed to present admissible evidence to prove that (1) an unsafe condition existed, (2) that Defendant created such an unsafe condition, or (3) had notice of it.  Dkt. # 28 at 2, 4. Defendant claims that "[t]he only evidence concerning the existence or creation of an unsafe condition is that a chair allegedly fell and struck Mrs. Mohamad." *Id.* at 4.

Mrs. Mohamad's belief that a chair struck her back is, on its own, insufficient to demonstrate that an unsafe condition existed.  *See Brant v. Mkt. Basket Stores, Inc.*, 433 P.2d 863, 865 (Wash. 1967) (holding "[i]t is well established in the decisional law of this state that something more than a slip and a fall is required to establish either the existence of a dangerous condition"); *Las v. Yellow Front Stores, Inc.*, 831 P.2d 744, 745 (Wash. Ct. App. 1992) (holding that "the mere existence of the accident is insufficient proof of an unreasonable risk").  Plaintiffs do not, however, rely solely on Mrs. Mohamad's belief to establish the existence of an unsafe condition.

Instead, Plaintiffs present store security video footage showing an employee move four round-backed chairs—two inverted chairs stacked on two normally situated chairs—on a flatbed cart in the hour preceding the accident. Dkt. # 40 at 4; Dkt. # 40-1 at 5. While the employee transported the stacked chairs, a chair fell twice, once striking the employee in the face.  Dkt. # 40-1 at 22.  Mrs. Mohamad alleges that she observed the same four chairs stacked by the aisle she walked down immediately before she was struck.  Dkt. # 40-1 at 5.  Plaintiffs proffer testimony of the employee who had

ORDER – 5

transported the stacked chairs, who confirmed that he transported carts "full of chairs" four or five times a day. Dkt. # 40-1 at 32. Plaintiffs also present testimony of the HomeGoods store manager, who stated that furniture was supposed to be neatly placed within a railing surrounding a customer pick-up area for safety. Dkt. # 40-1 at 18-19. The store manager stated that furniture left outside of the railing could be a risk to customers. *Id.* at 24. A consumer safety expert stated the same. *Id.* at 61-62. The Parties do not dispute that the chairs were placed outside of the railing.

This evidence raises genuine issues of material fact regarding whether an unsafe condition existed. Specifically, Defendants claim there is no evidence of how the chairs were stacked. Dkt. # 42 at 2. Mrs. Mohamad, however, alleges in her affidavit that she saw four chairs stacked, with two inverted chairs stacked on two normally positioned chairs in a seemingly unsteady position. Dkt. # 40-1 at 5. Plaintiffs also provide video footage of stacked chairs in the same location where Mrs. Mohamad said she had observed the stacked chairs. This represents a factual dispute. Defendant further argues that there is no evidence that the chairs were stacked in an unreasonably dangerous position. Dkt. # 42 at 2. Plaintiffs however, proffer Mrs. Mohamad's testimony that the four chairs stacked on top of one another appeared to be "unsteady as they were stacked" because the "back of the chairs were rounded and there were no arms." Dkt. # 40-1 ¶ 4. A consumer expert also testified that the location of the stacked chairs created a risk to customers of "falling products." *Id.* at 62. And video footage demonstrates that the one of the stacked chairs had fallen twice in the hour before the accident. This evidence precludes judgment as a matter of law and needs to be weighed by a jury to determine whether an unsafe condition existed.

Defendant also claims that there is no evidence that Defendant created an unsafe condition. Dkt. # 28 at 4. In the video footage presented by Plaintiffs, a HomeGoods employee can be seen moving stacked chairs and placing them in the location where Mrs. Mohamad was injured. The same employee confirmed that he had moved the chairs.

ORDER – 6

Dkt. # 40-1 at 31.  This evidence creates a factual dispute over Defendant's role in creating an unsafe condition,[1] which is a material issue in evaluating Defendant's liability.  Such issues of material fact are reserved for the factfinder and preclude summary judgment.

Finally, Plaintiffs contend that their case is distinguishable from *Las v. Yellow Front Stores, Inc*. based on the evidence provided.  Dkt. # 40 at 8 (citing 831 P.2d 744). In *Las*, the court found that the plaintiff's "belief" that frying pans had been precariously stacked by store employees and created an unreasonable risk of harm was not supported by facts.  831 P.2d at 745.  The court emphasized the lack of evidence such as testimony as to "how the pans were stacked . . . , [Defendant's] practice as to stacking the pans, [or] any expert testimony as to how frying pans should be safely stacked [sic]."  *Id.*  Here, Plaintiffs provide video footage of the chairs just prior to the accident enabling direct observation of how the chairs were stacked; employees' testimony of a stacked chair falling twice shortly before Mrs. Mohamad's injury, suggesting that the chairs may have been dangerously stacked; and HomeGoods' employee as well as expert testimony as to the risks of unsecured furniture placed outside of the fenced-in customer service area. The Court agrees with Plaintiffs that such evidence distinguishes this case from *Las* and prevents judgment as a matter of law.

Having reviewed the evidence presented in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, the Court finds that genuine issues of fact preclude summary judgment.[2]

**B.    Plaintiffs' Motion to Supplement Summary Judgment Response Under Rule 56 and Motion for Supplemental Discovery**

---

[1] If Plaintiffs were to establish that the dangerous condition was created by Defendant, as alleged—a HomeGoods employee stacked the chairs in an unsafe position—then notice to Defendant would be rendered unnecessary.

[2] Because Mr. Mohamad's loss of consortium claim is contingent—at least in part—on the success of the negligence claim, it too must be considered by a jury.

ORDER – 7

On April 22, 2021, Plaintiffs filed a motion (1) to supplement their summary judgment response with additional evidence obtained from Defendants after the summary judgment response had been filed, (2) seeking leave to re-depose Defendant's corporate representative in light of the new evidence, and (3) requesting sanctions against Defendants for late discovery.  Dkt. # 44.

Based on its denial of summary judgment, the Court need not consider additional evidence opposing summary judgment proffered by Plaintiffs in their motion to supplement their summary judgment response.  Dkt. # 44.  The Court therefore denies this request as moot.

Plaintiffs' request for leave to re-depose Defendant's corporate representative to address evidence disclosed after the filing of summary judgment briefing is granted. Under the Federal Rules of Civil Procedure, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)" if the parties have not stipulated to the deposition and the deponent has already been deposed in the case.  Fed. R. Civ. P. 30(a)(2).

Rule 26(b)(1) allows parties to obtain discovery regarding the following:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

A court must limit the frequency or extent of discovery otherwise allowed by the rules if the discovery sought if the proposed discovery is (1) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient; (2) the party seeking discovery has had ample opportunity to obtain it; or (3) it is outside the scope permitted by Rule 26(b)(1).  Here, the Court finds that the request to re-depose

ORDER – 8

Defendant's corporate representative to obtain information about Defendant's safety training video is relevant to Plaintiffs' claim and within the scope of discovery provided in Rule 26(b)(1).  The Court finds that the request is not seeking information that is duplicative, unreasonably cumulative, or which Plaintiffs had opportunity to obtain prior to receiving the safety training video.  For these reasons, the Court grants leave for Plaintiffs to re-depose Defendant's corporate representative for the limited purpose of addressing Defendant's safety training videos.

With respect to Plaintiffs' final request, the Court does not find sufficient justification to impose sanctions or any other "remedial actions" at this time.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Summary Judgment.  Dkt. # 28.  The Court **DENIES in part** and **GRANTS in part** Plaintiffs' Motion to Supplement Summary Judgment Response Under Rule 56 and Motion for Supplemental Discovery.  Dkt. # 44.

DATED this 26th day of August, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9